UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-167-FDW

| MICHAEL ODELL FAIR, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| JASON MUNDAY, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). He is proceeding *in forma pauperis*. (Doc. No. 5).

**I. BACKGROUND**

*Pro se* Plaintiff, a pretrial detainee at the Lincoln County Jail, filed a civil rights suit pursuant to 42 U.S.C. § 1983[1] against Lincolnton Police Department Detective Jason Munday. He alleges that Defendant Munday "falsely accused [him] and practice[d] discrimination" by assuming that Plaintiff engaged in a drug enterprise based on his race, in which Plaintiff did not engage. (Doc. No. 1 at 2). This "place[d Plaintiff] in the news television and newspapers" and degraded his character. (Doc. No. 1 at 3). He claims that this resulted in "mental heath issues," lost wages, defamation of character, duress, and that his family has suffered from his absence. He claims that the charges were dismissed at a probable cause hearing.

Plaintiff seeks $100,000 for his pain and suffering, and termination of Defendant Munday's employment.

---

[1] The Complaint states that Plaintiff is seeking relief under "common law" but it is liberally construed as a § 1983 action. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues.").

1

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The Due Process Clause of the Fourteenth Amendment levies on state governments the same restrictions that the Fourth Amendment imposes on the federal government. Mapp v. Ohio, 367 U.S. 643, 654-55 (1961). Because an arrest amounts to a Fourth Amendment seizure, probable cause is necessary for an arrest to be lawful. See Henderson v. Simms, 223 F.3d 267, 272 (4th Cir. 2000); see also Draper v. United States, 358 U.S. 307, 310-11 (1959). False arrest is a facially valid civil rights claim. See Wallace v. Kato, 549 U.S. 384 (2007); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996); Green v. Maroules, 211 Fed. Appx. 159 (4th Cir. 2006). "A plaintiff's allegations that police seized him pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a claim alleging that a seizure was violative of the Fourth Amendment." Miller v. Prince George's Cnty., 475 F.3d 621, 630 (4th Cir.2007) (internal quotations omitted). To state an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result or intentional or purposeful discrimination." Williams v. Hansen, 326 F.3d 569, 576 (4th Cir. 2003) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Liberally construing, the Complaint, Plaintiff alleges that he was racially profiled and, as a result, was falsely arrested. He alleges that the criminal charges were subsequently dismissed. The alleged differential treatment − a false arrest − that others who are similarly situated

3

presumably do not have to suffer, and resulting from intentional discrimination in the form of racial profiling, is sufficient to state a plausible § 1983 claim. See, e.g., Green, 211 Fed. Appx. at 159. The Complaint will therefore be permitted to proceed against Defendant Munday at this time.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that the Complaint survives initial review under 28 U.S.C. § 1915.

**IT IS, THEREFORE, ORDERED that:**

(1) The Complaint survives initial review under 28 U.S.C. § 1915.

(2) **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant **Munday**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

Signed: December 3, 2018

Frank D. Whitney
Chief United States District Judge